

IT IS ORDERED

Date Entered on Docket: February 5, 2019

_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

PHILIP JEROME STERLING, JR.
*dba* Sterling Capital, LLC
*dba* Prime Retail Development, LLC
*dba* Bird Dog Development, LLC
*aka* Philip Sterling, Jr.

        Debtor.         Case No. 13-18-11414-JA

**STIPULATED ORDER MODIFYING THE AUTOMATIC STAY
AND PROVIDING FOR THE ABANDONMENT OF PROPERTY**

    This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-40A ("The Bank of New York Mellon"), filed on September 7, 2018, (DOC 30) (the "Motion") by The Bank of New York Mellon, and the Debtor's Objection to Motion for Relief (the "Objection") filed on

September 28, 2018 (DOC 35). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

    a.    On September 7, 2018, The Bank of New York Mellon served the Motion and a notice of the Motion (the "Notice") on James Clay Hume, Attorney for Debtor and Tiffany M. Cornejo (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Philip Jerome Sterling, Jr., by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

    b.    The Motion relates to the property located at 8215 Rio Grande Boulevard Albuquerque, New Mexico 87107, more fully described as:

> A certain parcel of land situate within Section 17, Township 11 North, Range 3 East, of the New Mexico Principal Meridian, and being identified as Tracts 65A1 and 65A2 as the same are shown on the Middle Rio Grande Conservancy District Property Map No. 25, Bernalillo County, New Mexico being more particularly described as follows:
>
> BEGINNING at the Southeast corner of the parcel herein described and common Southeast corner of said Tract 65A2, being a point on the westerly line of Rio Grande Blvd., N.W., whence the one quarter corner common to Sections 17 and 20, T11N, R3E, N.M.P.M., bears S. 33 deg. 25' W., 1283.21 feet distance. Said beginning corner also being common to the Northeast corner of Lot "A" of the Subdivision of Tract 65-B on Map 25, as the same is shown on the plat thereof, filed in the office of the County Clerk of Bernalillo County, New Mexico, on October 14, 1977; Thence, running from said beginning corner, N. 80 deg. 22' 00" W., 696.56 feet distance along the Southerly boundary of said Tract 65A2 and common Northerly boundary of said Tract 65-B (Bearing shown as being N. 80 deg. 36' 20" W., on said subdivision of tract 65-B) to the Southwest corner of the parcel herein described and common Northwest corner of Lot "B" of said Subdivision of Tract 65-B, and being identical to the Southwest corner of said Tract 65A2, being a point on the Easterly righty-of-way line of the Griegos Lateral; Thence, Northeasterly 133.68 feet distance along the arc of a curve bearing to the left, having a radius of 1094.82 feet and a

> chord bearing N. 06 deg. 06' 50" E., 133.60 feet distance to the Northwest corner of the parcel herein described and common Northwest corner of said Tract 65A1 being a point on said Easterly R/W line of the Griegos Lateral; and also being identified as the Southwest corner of the Tyler Subdivision, Bernalillo County, New Mexico, as the same is shown and designated on the plat thereof, filed in the office of the County Clerk of Bernalillo County, New Mexico, on February 12, 1974; Thence, S. 60 deg. 37' 10" E., 737.56 feet distance along the Northerly boundary of said Tract 65A1 and common southerly boundary of said Tyler Subdivision (Bearing shown as S. 77 deg. 47' 00" E., on said Tyler Subdivision) to the Northeast corner of the Parcel herein described and common Southeast corner of said Tyler Subdivision and being a point on the Westerly line of Rio Grande Blvd., N.W.; Thence S. 23 deg. 08' 00" W., 140.48 feet distance along said Westerly line of Rio Grande Blvd., N.W. to the Southeast corner and place of beginning of the parcel herein described,

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

    c.    The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

    d.    The Notice was sufficient in form and content;

    e.    The objection deadline expired on October 1, 2018;

    f.    On September 28, 2018 the Debtor filed an Objection to the Motion;

    g.    As of October 2, 2018, no other party in interest, filed an objection to the Motion;

    h.    A Preliminary Hearing was held on December 12, 2018.

    i.    The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered The Bank of New York Mellon's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

1. The Debtor will cure the post-petition payment amounts due on The Bank of New York Mellon's Adjustable Rate Note (the "Note") and Mortgage for July 1, 2018 through December 1, 2018, being five (5) payments of $3,802.99 each, plus one (1) payment of $3,892.33, for a total post-petition payment arrearage amount through December 6, 2018 of $22,844.28.

2. The Debtor will cure and satisfy the current total post-petition payment arrearage amount of $22,844.28 by January 31, 2019. The funds sent shall include the loan number and will be made in certified funds and will be delivered to:

> Nationstar Mortgage d/b/a Mr. Cooper
> Bankruptcy Department
> PO Box 619096
> Dallas, TX 75261-9741

The Debtors shall continue to make their regular monthly mortgage payments in the current amount of $3,829.33 as they come due (unless otherwise notified by The Bank of New York Mellon), commencing with the January 1, 2019 payment and continuing thereafter (unless the loan has been paid in full.

3. In the event the Debtors fail to cure the post-petition arrearage amount of $22,844.28 by January 31, 2019, the movant may file an Affidavit of Non-Payment. Upon the filing of the Affidavit of Non-Payment the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, and the property will be deemed surrendered, so that The Bank of New York Mellon may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

4. In the event the Debtors fail to tender a payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtors and sent by electronic notification to Debtors' counsel. The Debtors will have ten (10) days from the filing of a Notice of Default to cure the default. **The Debtors will only receive two (2) such Notices**. If the Debtors fail to cure the default within ten (10) days from the filing of a Notice of Default, then upon the movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that The Bank of New York Mellon may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

5. **In the event that the Debtors default a third time, the movant may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that The Bank of New York Mellon may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law**.

6. In the event the Debtors default and upon proper notice of the default to the Trustee, the Trustee shall immediately cease making payments to The Bank of New York Mellon pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by The Bank of New York Mellon for any unsecured deficiency balance.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the movant's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in The Bank of New York Mellon's Note and Mortgage. Said property is located at 8215 Rio Grande Boulevard, Albuquerque, New Mexico 87107 (the "Property"), more fully and completely described as:

> A certain parcel of land situate within Section 17, Township 11 North, Range 3 East, of the New Mexico Principal Meridian, and being identified as Tracts 65A1 and 65A2 as the same are shown on the Middle Rio Grande Conservancy District Property Map No. 25, Bernalillo County, New Mexico being more particularly described as follows:
>
> BEGINNING at the Southeast corner of the parcel herein described and common Southeast corner of said Tract 65A2, being a point on the westerly line of Rio Grande Blvd., N.W., whence the one quarter corner common to Sections 17 and 20, T11N, R3E, N.M.P.M., bears S. 33 deg. 25' W., 1283.21 feet distance. Said beginning corner also being common to the Northeast corner of Lot "A" of the Subdivision of Tract 65-B on Map 25, as the same is shown on the plat thereof, filed in the office of the County Clerk of Bernalillo County, New Mexico, on October 14, 1977; Thence, running from said beginning corner, N. 80 deg. 22' 00" W., 696.56 feet distance along the Southerly boundary of said Tract 65A2 and common Northerly boundary of said Tract 65-B (Bearing shown as being N. 80 deg. 36' 20" W., on said subdivision of tract 65-B) to the Southwest corner of the parcel herein described and common Northwest corner of Lot "B" of said Subdivision of Tract 65-B, and being identical to the Southwest corner of said Tract 65A2, being a point on the Easterly righty-of-way line of the Griegos Lateral; Thence, Northeasterly 133.68 feet distance along the arc of a curve bearing to the left, having a radius of 1094.82 feet and a chord bearing N. 06 deg. 06' 50" E., 133.60 feet distance to the Northwest corner of the parcel herein described and common Northwest corner of said Tract 65A1 being a point on said Easterly R/W line of the Griegos Lateral; and also being identified as the Southwest corner of the Tyler Subdivision, Bernalillo County, New Mexico, as the same is shown and designated on the plat thereof, filed in the office of the County Clerk of Bernalillo County, New Mexico, on February 12, 1974; Thence, S. 60 deg.

> 37' 10" E., 737.56 feet distance along the Northerly boundary of said Tract 65A1 and common southerly boundary of said Tyler Subdivision (Bearing shown as S. 77 deg. 47' 00" E., on said Tyler Subdivision) to the Northeast corner of the Parcel herein described and common Southeast corner of said Tyler Subdivision and being a point on the Westerly line of Rio Grande Blvd., N.W.; Thence S. 23 deg. 08' 00" W., 140.48 feet distance along said Westerly line of Rio Grande Blvd., N.W. to the Southeast corner and place of beginning of the parcel herein described,

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

That upon default by the Debtors and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and The Bank of New York Mellon may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtors and proper notice of the default to the Trustee, the Trustee shall cease making payments to The Bank of New York Mellon pursuant to Debtors' Chapter 13 Plan, and any future payment and/or deficiency owed by the Debtors to The Bank of New York Mellon after sale of the Property shall be set forth in an Amended Proof of Claim filed by The Bank of New York Mellon and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon the Debtors' default, the filing of the movant's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided

herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and The Bank of New York Mellon may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

7952-1471-FBBB 6786643.doc mdb       8

Case 18-11414-j13    Doc 47    Filed 02/05/19    Entered 02/05/19 16:43:44    Page 8 of 9

SUBMITTED BY:

ROSE L. BRAND & ASSOCIATES, P.C.

By *: /s/Andrew P. Yarrington*
    Andrew Yarrington
    Attorneys for The Bank of New York Mellon
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Andrew.Yarrington@roselbrand.com

APPROVED BY:

HUME LAW FIRM

By: *Approved Via Email on 1/18/2019*
    James Clay Hume
    Attorney for Debtor
    P.O. Box 10627
    Alameda, NM 87184-0627
    Telephone: (505) 888-3606
    james@hume-law-firm.com


By: *Approved as to form via Email on 1/29/2019*
    Tiffany M. Cornejo
    Chapter 13 Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: 505-243-1335

COPY TO:

Philip Jerome Sterling, Jr.
Debtor
8215 Rio Grande Blvd., NW
Albuquerque, NM 87114